IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO.:  3:06cr448/MCR

VIRGIL TALLEY
_____

ORDER CONCERNING SELF-REPRESENTATION BY DEFENDANT

    Defendant appeared before me on November 9, 2006 for first appearance on an indictment containing 38 counts of mail fraud and one count of obstruction of justice.  He announced that he wanted to represent himself.  I therefore conducted a *Farretta*[1] hearing.  I explained that the defendant had the constitutional right to counsel, that he could retain one if he had the funds with which to do, and that I could consider appointing counsel for him if he could not afford counsel.  He again stated that he wanted to represent himself.  I then asked him if he had ever studied law, which he had not except in the context of studying commercial law while imprisoned, nor had he ever represented himself in a criminal case.  I also told him that because he would be kept in one of the local jails until his case is tried, he will not have access to legal research materials.  He stated that he had already been told that at the jail, and that he understood it.

    I offered to have the charges explained to him in detail, but he declined, saying he understood the charges.  He was told that each charge against him carried a maximum possible penalty of five years and that he could be sentenced consecutively on all charges, meaning that he could be sentenced to 39 x 5 years in prison, added on top of the federal

---

[1] *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

sentence he is now serving.  I offered to do the math for him, but he declined, agreeing that he knew it was a very it was a large number.[2]   I told him that if he represents himself, he will be truly alone against the United States, its attorneys and its agencies, and that he would receive no help from anyone.

He admitted scant familiarity with the Federal Rules of Evidence or the Federal Rules of Criminal Procedure, but was told, and understands, that those Rules will apply before and at any hearing or trial, and that he will not have counsel available to assist him in those matters.

I then advised him that in my opinion it would be a serious mistake for him to represent himself, and I urged him to retain counsel or to allow me to consider appointing counsel for him.  He then again confirmed that in spite of my warnings and admonitions he wanted to represent himself, and that he made that decision entirely on his own, and voluntarily.  I therefore found on the record that he had knowingly and voluntarily waived his right to counsel, and permitted him to represent himself.

Accordingly, it is ORDERED as follows:

1. Defendant has waived his right to counsel and will represent himself. However, he can always change his mind and retain counsel or seek appointed counsel so long as his doing so does not cause undue delay in the case.

2. The Office of the Federal Public Defender is appointed as stand-by counsel, and defendant can call that office if he changes his mind and wants assistance in retaining counsel of his own or to seek appointed counsel.  He will be allowed to consult with the public defender to the extent allowed by the district judge.

DONE AND ORDERED at Pensacola, Florida this 9th day of November, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

---

[2]  195 years.