**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**


**UNITED STATES OF AMERICA**

     **v.**                         **Case No. 3:06cr448-01/RV**

**VIRGIL TALLEY**
_____/

## ORDER

Defendant Virgil Talley appeared before the court on March 30, 2007, for arraignment on the superseding indictment.  He renewed his earlier rejection of appointed counsel, but Thomas Keith appeared as his standby counsel.  Upon review of the facts of this case, as well as the *pro se* filings by the defendant and his responses to questions during the arraignment before this court, I have reasonable cause to believe that the defendant may presently be unable to understand the nature and consequences of these proceedings, let alone defend himself *pro se* against the criminal charges.  There is also some serious concern regarding his ability to knowingly waive his right to an attorney in this criminal case.  The government concurs with this assessment and shares my concern. Not surprisingly the defendant does not believe that he has any mental problems.

Title 18, United States Code, section 4241(a) provides that, at any time after the commencement of a criminal prosecution, the court "shall order [a hearing] on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

Subpart (b) of that same section further provides that, prior to the date of the hearing, "the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)."

Accordingly, the defendant Virgil Talley shall be committed to the custody of the Attorney General for placement in a facility to be designated by the Bureau of Prisons for examination by a team of qualified psychiatrists or psychologists respecting his mental condition in accordance with Title 18, United States Code, Sections 4241 and 4247.

A copy of this order, a copy of the superceding indictment, and a copy of the transcript of the arraignment held on March 30, 2007, shall be provided to the facility. It shall determine whether, in its opinion, this defendant is suffering from a mental disease, defect, or condition rendering him mentally incompetent to the extent that he is unable to understand the proceedings against him and defend against the charges, or to knowingly waive his right to counsel. In making such determination, such facility shall advise this court whether this defendant has a rational, as well as factual, understanding of the proceedings against him, and has sufficient present mental ability to put forth a defense on his own behalf.  Further, an opinion is sought as to whether he can waive counsel with a reasonable degree of rational understanding. The evaluation shall also address any risk the defendant may pose to himself or others.

Additionally, and because this case raises inherent questions as to the defendant's sanity at the time of the alleged offenses, the facility is requested to determine the defendant's competency at the time of the offense in accordance with Section 4242(a).

Such facility is directed to furnish to this court a written report and evaluation of the examination directed herein as soon after the examination as is practical, and in no event later than forty-five (45) days after the date of this order, unless on the facility's request, such time is extended by the court. The report

regarding the defendant's competency at the time of the offense shall be a <u>separate part</u> of the report and shall be initially provided <u>only</u> to the court and to the defendant. Upon receipt of the report(s), I will set this matter for hearing.

DONE AND ORDERED this 30th day of March, 2007.


/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**