**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

    v.                                **Case No. 3:06cr448-01/RV**

**VIRGIL TALLEY**
_____/

**ORDER**

By order dated March 30, 2007, and based on the bizarre and outlandish pleadings filed by the defendant Virgil Talley, *pro se*, I ordered the defendant to undergo a psychiatric or psychological examination to determine whether he was mentally competent to proceed in this case. Specifically, the defendant was referred to the Bureau of Prisons' Federal Detention Center in Miami for an evaluation as to whether he understood the nature and consequences of these criminal proceedings and was competent to proceed to trial, whether he posed a threat to himself or others, and whether he was competent at the time of the offenses alleged in the indictment. By reports dated July 11 and 13, 2007, the evaluating facility has determined that the defendant is, in fact, competent to stand trial and that he was competent at the time of the alleged offenses. In fact, the evaluator determined that many of the bizarre and incoherent arguments made by the defendant in his pleadings and papers are increasingly common among prisoners and "demonstrate organized, deliberate, and calculated behaviors." These reports have been reviewed and are hereby adopted by the court and incorporated

*Case No. 3:06cr448-01/RV*

into this order.

In light of the foregoing, I find that the defendant is competent to proceed in this case. Trial is scheduled for the jury term commencing **Monday, August 13, 2007**, with jury selection to begin at 9:00 a.m. No plea bargaining agreement permitted by this court will be approved unless such agreement is effected **on or before Wednesday, August 8, 2007**, with such plea presented to the court for its action at arraignment no later than **Thursday, August 9th**, at 9:00 a.m. in Pensacola, Florida. In all other respects, this court's scheduling order of March 8, 2007 (doc. 48), remains in full force and effect.

The defendant, *pro se*, is further reminded that there are procedures that must be followed for obtaining witnesses to testify at trial, and he will be required to comply. He may discuss such procedures with his appointed standby counsel if he is in doubt about what is required.

Finally, although this court can grant wide latitude in *pro se* representation, the defendant will be bound to follow all evidentiary and procedural rules at trial. The defendant will be required to examine and to cross examine any witness using the proper form of questioning and procedure under the Federal Rules of Evidence and the Federal Rules of Criminal Procedure. No personal testimony will be allowed during the defendant's opening statement or closing argument.

DONE AND ORDERED this 27th day of July, 2007.

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**

*Case No. 3:06cr448-01/RV*